IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DION MATHEWS,

                      Plaintiff,

  v.

CAPTAIN LEBBEUS BROWN,
JON E. LITSCHER, GARY BOUGHTON,
MARK KARTMAN, ELLEN RAY,
JOSEPH CICHANOWICZ, and
CAPTAIN MICHAEL HANFELD,

                      Defendants.

OPINION AND ORDER

16-cv-650-slc

---

*Pro se* plaintiff Dion Mathews claims that employees at the Wisconsin Secure Program Facility (WSPF) violated his constitutional rights when they punished him for a grievance he drafted. Following my leave to proceed order granting Mathews permission to pursue a First Amendment claim but denying him leave to proceed on a due process claim, Mathews filed a Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e). (Dkt. 22.) As he has explained his due process claim in a different manner than I had originally interpreted it, I am granting his motion and permitting him to proceed on that claim as well.

As is relevant to this motion, Mathews alleged in his complaint that he sent defendant Warden Gary Boughton a letter with complaints about the conditions at WSPF, emphasizing problems with staff treatment and requesting that he create a "prisoner committee" that would permit prisoners a chance to voice concerns to the administration. When Mathews was dissatisfied with Boughton's response, he drafted a more detailed request and asked a jailhouse lawyer to review it. While Mathews was in segregation on an unrelated issue, staff searched his property and found the draft request. Around that time staff also searched the jailhouse lawyer's property and found the draft. When defendant Captain Brown asked Mathews about it, Mathews explained that he was using the jailhouse lawyer to help him craft the request in

compliance with DOC policy. Afterwards, Brown issued Mathews a conduct report that accused him of being a member of the Gangster Disciples and charged him with group resistance, lying, and possession of contraband. A hearing was held, Mathews appeared and denied the charges, and defendant Cichanowicz found Mathews guilty of violating DOC 303.24, "group resistance and petition," and sentenced him to 120 days of disciplinary segregation.

In my order denying him leave to proceed on a due process claim, I began with the standard that a Fourteenth Amendment due process claim requires allegations that the plaintiff (1) has a liberty or property interest with which the state interfered; and (2) the procedures he was afforded upon that interference were constitutionally deficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007).

Assuming for purposes of screening that Mathews had alleged a liberty interest, I proceeded to the second step: whether he alleged sufficient facts to create an inference that he did not receive proper procedure. I concluded that Mathews had failed to identify a deficiency in the process he received, and that because prisoners facing segregation are entitled to only "informal, nonadversarial due process," the hearing that he received appeared to satisfy the requirements of due process. *See Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012). I reasoned that Mathews was attacking how DOC regulations were applied to his conduct because his complaint included multiple allegations that the defendants lied in the conduct report and at the hearing and that he did not have time to prepare for the hearing. (*See* Am. Compl., dkt. , at 10-11.)

In fact, as Mathews points out, his due process claim also could have been characterized as a challenge on vagueness grounds. In addition to attacking the disciplinary process, he alleged that "he'd never been given notice, contrary to Due Process, that he couldn't draft his second request and ask another prisoner to edit it." (Am. Compl., dkt. 16, at 12.) This allegation suggests that prior to his punishment, Mathews was unaware that his conduct was prohibited, and he actually believed it was permitted.

Given that Mathews' true complaint is that the policy was too vague, the starting point is that in the prison context, regulations must be sufficiently definite to give prisoners of ordinary intelligence reasonable notice of what conduct is prohibited. *Rios v. Lane*, 812 F.2d 1032, 1038 (7th Cir. 1987 ("a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process law"); *Toston v. Thurmer*, 689 F.3d 828, 832 (7th Cir. 2012) ("A deprivation of liberty without fair notice of the acts that would give rise to such a deprivation violates the due process clause[.]"); *see also Jones v. Russell*, 149 F. Supp. 3d 1095, 1105 (W.D. Wis. Dec. 9, 2015) (granting summary judgment in prisoner's favor after finding that policy prohibiting a similar type of petition violated due process as applied to that prisoner); *Wesley v. Grams*, No. 10-cv-459-slc, dkt. #18 (May 25, 2011) (acknowledging that where a prison policy is too vague to provide proper notice of prohibited behavior, it violates due process). Here, Mathews alleged that he was unaware that preparing his request about prison conditions could result in the conduct report and punishment, so he has alleged sufficient facts to state a due process claim. Accordingly, I will grant him leave to proceed on this claim against

defendants Lebbeus Brown, Michael Hanfeld, Mark Kartman, Gary Boughton, Joseph Cichanowicz, and Ellen Ray.

ORDER

IT IS ORDERED that Plaintiff Dion Mathews' Motion for Reconsideration (dkt. 22) is GRANTED. Plaintiff may proceed on a Fourteenth Amendment due process claim against defendants Brown, Hanfeld, Kartman, Boughton, Cichanowicz, and Ray.

Entered this 6th day of February, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

4