IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DION MATHEWS,

                    Plaintiff,

v.

CAPTAIN LEBBEUS BROWN, *et al.*,

                    Defendants.

ORDER

16-cv-650-slc

---

*Pro se* plaintiff Dion Mathews is proceeding in this lawsuit on First Amendment and Due Process claims related to the conduct report and punishment he received after drafting letters that the defendants construed as an impermissible attempt to create a group petition. On July 17, 2017, I denied Mathews' motions for a preliminary injunction, for sanctions, and for assistance in recruiting counsel. (Dkt. 77.) Mathews has filed a motion for reconsideration of that order (dkt. 78), that I am denying, and has filed a motion to modify the scheduling order (dkt. 82), that I am granting.

In support of his motion for reconsideration, Mathews mostly just repeats the arguments that I already have considered and rejected. Starting with the court's denial of his request for preliminary injunction, Mathews repeats his contention that his First Amendment claim is likely to succeed because his letter constituted protected speech. First, he reargues that his letters were not impermissible group petitions, a position that I already have rejected and will not address again at the preliminary injunction stage of this lawsuit.

Next, Mathews challenges the court's conclusion that the conduct report he received for writing the letters appeared to be reasonably related to a legitimate penological interest under *Turner v. Safley*, 482 U.S. 78 (1987), because I relied on only the first two prongs of the four-factor *Turner* analysis. Mathews, however, has not pointed to any law or facts suggesting that my conclusion is

wrong, or that it was improper or incorrect to base this conclusion on two prongs out of four. Instead, Mathews challenges my reliance on the affidavit of defendant Lebbeus Brown to find a "valid, rational connection" between the conduct report and a legitimate security interest. Mathews may disagree with my reliance on this evidence, but he does not point to any case law or any other evidence that calls into question my reliance on Brown's currently undisputed opinion that Mathews wrote the letters on behalf of a gang. Mathews is entitled to disagree with Brown's beliefs about his gang affiliation, but other than his own denial, Mathews has not proffered any evidence to contradict Brown's experiences with Mathews and his opinions about what the letters actually meant. As I observed in the court's order, Mathews might be able to elicit contradictory or impeaching evidence during discovery, but he hasn't accomplished this yet.

Finally, Mathews challenges my conclusion regarding his First Amendment claim based on another inmate receiving less punishment for similar conduct. As a starting point, Mathews is not proceeding on an equal protection claim; further, he did not develop this argument in his initial motion, and his evidence related to the other inmate does not contradict my conclusion that Mathews's conduct report and corresponding punishment appear to be legitimate. Mathews may present this point again at the summary judgment phase, but it does not suffice to undermine my decision denying his request for a preliminary injunction.

As for his due process claim, Mathews argues that it is likely to succeed because the punishment he received interfered with his First Amendment right to send his letter. But Mathews's request for injunctive relief sought release from administrative confinement, not redress involving his ability to send his letters. Because this argument was beyond the scope of his request, I did not evaluate it. Once again, Mathews is free to argue this issues at the dispositive motion stage, but he

has not pointed to any manifest error of law or fact that warrants reconsideration of my denial of his request for a preliminary injunction.

The same is true of my denials of Mathews's requests for sanctions and for assistance of counsel. Mathews simply has resubmitted his arguments from his earlier documents and states that this court "lacks the will" to impose sanctions. Mathews is incorrect, but having me say this won't change his view of the situation. Here's the bottom line in this case: there have been no sanctionable acts or omissions in this case so far. Finally, I remain confident that Mathews can litigate this stage of the lawsuit without the assistance of an attorney. Accordingly, I am denying every aspect of his request for reconsideration.

This leaves Mathews' motion to modify the scheduling order, which I am granting. Mathews asks to extend the expert disclosure deadline to October 31, 2017 because he is in communication with a potential expert who might be willing to testify at trial. Mathews further requests an extension of the dispositive motion deadline to September 25, 2017. I will grant both requests because the schedule in this case has enough breathing room to accommodate these extensions.

ORDER

IT IS ORDERED that:

(1) Plaintiff Dion Mathews's motion for reconsideration (dkt. 78) is DENIED; and

(2) Mathews's motion to modify scheduling order (dkt. 82) is GRANTED. The dispositive motion filing deadline is extended to **September 25, 2017** for all parties, and the expert disclosure deadline is extended to **October 31, 2017**.

Entered this 28th day of August, 2017.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge