IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DION MATHEWS,

                Plaintiff,

v.

CAPTAIN LEBBEUS BROWN, *et al.*,

                Defendants.

ORDER

16-cv-650-slc

---

*Pro se* plaintiff Dion Mathews is proceeding in this lawsuit on First Amendment and Due Process claims related to the conduct report and punishment he received after drafting letters that the defendants construed as an impermissible attempt to create a group petition. Defendants have filed a motion for summary judgment, which the parties still are briefing. Meantime, Mathews has filed another motion for sanctions (dkt. 89)–which I am denying–and a motion to amend the scheduling order (dkt. 103), which I am granting in part and denying in part.

I. **Motion for Sanctions (dkt. 89)**

Mathews' current motion for sanctions challenges the veracity of statements I relied on in two parts of my opinion denying his motion for a preliminary injunction and first motion for sanctions. (*See* dkt. 77.) I'll start with that backdrop.

First, in denying Mathews' request for a preliminary injunction, I relied in part on a declaration submitted by defendant Lebbeus Brown. (Brown Decl., dkt. 36.) In particular, I relied on his statements that Mathews is a known member of the Gangster Disciples and that he believed that the letters resulting in the conduct report were his attempt to act on behalf of that gang because the letters used phrases like "we propose" and "we ask." (*Id.* at 3-4, 10.) Brown also averred that Mathews was placed in Temporary Lock-Up (TLU) after staff found the

letters in his cell, but I didn't rely on this statement in particular in denying Mathews' motions. (Brown Decl., dkt. 36, ¶ 6.)

Second, on June 14, 2017, while the parties were briefing Mathews' first motion for sanctions, Mathews filed a letter complaining that defendants' counsel informed him that the letter that was the subject of Conduct Report #2732167 was "accidentally destroyed." Mathews claimed that the letter was purposely destroyed. Defendants responded with their own letter and evidence explaining that the letters were destroyed by mistake.

Specifically, defendants first explained that DAI Policy 306.00.16 requires all contraband to be retained for 120 days when a disciplinary hearing decision has been appealed. After that point, contraband items can be thrown away after photographs have been taken. Photographs and documents are supposed to be retained for 11 years after the inmate's maximum discharge date.

Then defendants stated that non-defendant Captain Larry Primmer destroyed the letter by mistake and submitted a declaration he prepared in another lawsuit. (Dkt. 69.) In his declaration, Primmer states that he had been given orders to clean out the evidence/property room by the security director at WSPF. Primmer states that, to that end, he threw away the letters that were evidence in Oscar Garner's conduct report, which were the same letters used as evidence in Mathews' conduct report. He adds that he destroyed the letters because more than 120 days had passed since the disciplinary hearing decision. He admits that he misunderstood the policy and threw out the letters without taking photographs of them, but avers that he did not throw them out to hide adverse information. (Dkt. 69-2, at 2-3.) Finally, Primmer states that he did not learn that Mathews filed this lawsuit until January of 2017.

Defendants also submitted a declaration from non-defendant Ellen Ray, the litigation coordinator who has been working with defendants to prepare their responses in Mathews' lawsuit. She states that she learned about his lawsuit on January 6, 2017, at which point she began to gather evidence related to his allegations and only then learned that the letters had been destroyed. Ray avers that she was unable to find any copies or photos of the letters. (Dkt. 69-2, at 6-7.)

In light of these averments, and because Mathews had not submitted any evidence that would suggest that the letter was purposefully destroyed, I informed Matthews that if he *did* have evidence of intentional destruction, then he should submit it along with a motion or for an adverse inference. (*See* dkt. 77, at 2 n.2.)This is the resulting motion.

OPINION

Federal Rule of Civil Procedure 11(b) requires that all representations to the court be nonfrivolous, supported by evidence, and the product of reasonable inquiry. Additionally, if a party destroys evidence in a bad faith effort to hide adverse information, then his opponent may be entitled to sanctions or an inference that the recording contained evidence supporting the plaintiff's claim. *See Bracey v. Grondin*, 712 F.3d 1012, 1019-20 (7th Cir. 2013). To succeed in a motion for sanctions, the moving party faces a high burden, because courts must take care to impose sanctions only to protect the court and parties against "callous disregard for governing law or the procedures of the court." *Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992).

Mathews seeks sanctions on four grounds: (1) defendants intentionally failed to preserve the letter, (2) Captain Primmer's statements in his declaration were false, (3) defendant Lebbeus Brown's statements in his declaration were also false, and (4) Assistant Attorney General Paulson used false statements and failed to investigate his motions. None of these grounds has merit.

First Mathews argues that defendants should have preserved the letters even before Mathews filed this lawsuit because the defendants should have anticipated that Mathews would bring this suit. Mathews is correct: defendants should have anticipated this lawsuit, given that Mathews denied the allegations in the conduct report during his disciplinary proceeding and then exhausted his administrative remedies with respect to this claim. Defendants therefore had a duty to preserve the letters, and if DAI Policy 306.00.16 had been implemented, then the letters would not have been discarded. But sanctions are only appropriate if the defendants purposefully destroyed the letters to avoid the adverse effects of those letters. The proper question, therefore, is whether Mathews has submitted evidence suggesting that the explanatory averments from Primmer and Ray are false or not made in good faith.

As to Primmer specifically, Mathews does not submit any of his own evidence suggesting that Primmer lied in his declaration. Instead, Mathews points out that Primmer destroyed the letter on November 1, 2016, just a few days after he filed his Amended Complaint in this lawsuit. Yet the sequence of those two events does not establish that Primmer lied because there is no evidence that Primmer knew that Mathews had filed this lawsuit, and there is no reason to suppose that Primmer did know or should have known this.

4

Mathews also claims that Primmer lied because Primmer averred that he was not familiar with Mathews' conduct report related to the letters, but, in fact, Primmer actually recommended Mathews' administrative confinement placement on February 29, 2016, in part due to Mathews' conduct report history. (Dkt. 37-2, at 36.) Defendants acknowledge this, but point out that in 2016 Primmer prepared 75 administrative confinement recommendations that most often referenced conduct reports. Therefore, in defendants' view, it was understandable and reasonable for Primmer not to remember the names of the particular inmates involved in any of the reports.

Mathews similarly attacks Brown's declarations. First, he claims that Brown lied when he stated that Mathews was first placed in TLU because of information found in another inmate's cell because the TLU form listed the reason for placement as Mathews being in an unauthorized area. However, Brown submitted a second declaration in which he added that Mathews was placed in TLU because he was seen in an unauthorized area talking to other inmates. (Dkt. 95, ¶¶ 13-16.) Second, Mathews attacks Brown's description of the destroyed letter as making "demands," but Mathews has not submitted any evidence that actually refutes Brown's description of the letters in this manner. Significantly, Mathews doesn't contend that the letter did not include the word "demand." Similarly, Mathews claims that Brown lied in stating that Mathews is a known member of the Gangster Disciples. Once again, Mathews doesn't submit evidence beyond his own statements suggesting that Brown's statements about his impression of Mathews was a lie.

While Mathews points to some arguably contradictory statements within Primmer's and Brown's declarations, he has not established that either declaration contains an intentional misstatement or that the statements were not a good faith recollections of events. Rather, at

5

most, certain statements lacked thoroughness or precision, weaknesses that Mathews may be able to benefit from during trial when he presents evidence related to the merit of his claim that the conduct report was improper. However, they are not grounds for sanctions.

Finally, Mathews once again takes issue with defendants' counsel's arguments, statements, and representations made during the course of this lawsuit, but he fails to submit any evidence suggesting that counsel violated Rule 11. In sum, Mathews has not established grounds for sanctions, so I am denying his motion.

**Motion Regarding Scheduling Order (dkt. 103)**

Mathews also asks me to (1) either appoint him counsel or "prohibit defendants from disrupting" inmate Nate Lindell from assisting him, and (2) amend the scheduling order related to the dispositive motion deadlines. I am denying Mathews' motion as to his first request, and granting part of his second request by permitting a slight change to the scheduling order.

First, Mathews believes that the defendants are taking steps to stop him from using Lindell to help him in this matter. Both Lindell and Mathews submitted declarations stating that while Lindell previously submitted filings in this case for e-filing, now the litigation coordinator at WSPF has not permitted it. Mathews complains that WSPF requires them to pay for postage to send each other documents, and Lindell says that he can't afford to continue sending documents back and forth. While Mathews asks for an order requiring WSPF staff to permit Lindell to submit filings on his behalf, Mathews does not have a right to this relief. Mathews is representing himself in this lawsuit. This court has no problem with Lindell–and other inmates–

assisting other pro se prisoners by providing legal pointers and preparing filings for them, but these helpers are not lawyers. This means that they cannot "represent" the inmates they are helping, which means that Lindell cannot submit filings directly to the court on Mathews's behalf. Accordingly, I am denying Mathews's request that I direct defendants to permit Lindell to submit electronic filings on his behalf.

Next, at this juncture, I am not going to look for a volunteer attorney to assist Mathews in this lawsuit. Lindell and Mathews are capably handling the current demands of this lawsuit. Despite the delays and costs associated with Lindell and Mathews mailing to each other draft documents and other information about this lawsuit, Lindell and Mathews seem to be communicating effectively, and Lindell states that he is committed to helping Mathews at every stage of this lawsuit possible. Even without Lindell on board, Mathews appears capable of litigating litigate this case alone because the materials that have been submitted in his handwriting are coherent and identify relevant legal and factual issues related to his claims.

While Mathews doesn't have the right to have Lindell submit filings on his behalf, fairness militates toward granting Mathews part of the relief he requests with respect to the scheduling order. Mathews specifically requests a two-day extension of the September 28, 2017, dispositive motion deadline, which I will grant because Lindell indicates that he's already written the brief and just needs to complete the proposed findings of fact. Because September 30 falls on a Saturday, I'll give him until Monday, **October 2, 2017**, to file it.

However, Mathews also asks for a three-week extension on his response to defendants' motion for summary judgment, from October 2, 2017, to October 25. At Mathews request, I already extended the dispositive motion deadline from September 1, 2017, to September 25,

2017. Another three weeks is unnecessary, but I will give him until **October 10, 2017**, to accommodate the communicate lag between Mathews and Lindell. Mathews should not expect me to grant him any further extensions of the already tightening trial schedule.

ORDER

IT IS ORDERED that:

(1) Plaintiff Dion Mathews Motion for Sanctions (dkt. 89) is DENIED.

(2) Plaintiff's Motion to Amend Scheduling Order (dkt. 103) is GRANTED in part and DENIED in part, as follows: Plaintiff's dispositive motion deadline is now **October 2, 2017**; and Plaintiff's opposition to defendants' motion for summary judgment is due **October 10, 2017.**

Entered this 29th day of September, 2017.

> BY THE COURT:
> /s/
> STEPHEN L. CROCKER
> Magistrate Judge